Spillman Engineering Corporation v. Commissioner.
Spillman Eng'g Corp. v. Commissioner
Docket No. 7161.
United States Tax Court
1946 Tax Ct. Memo LEXIS 43; 5 T.C.M. (CCH) 949; T.C.M. (RIA) 46258; October 31, 1946
Robert J. Bird, Esq., for the petitioner. Clay C. Holmes, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined the follow-deficiencies for the fiscal year ended November 30, 1942: Declared Value
Excess-Profits
Excess
Income Tax
Tax
Profits Tax
$6,635.21
$2,831.04
$2,868.70 The only issue in the case is whether the Commissioner erred in disallowing a deduction of $24,288.25 for commissions paid to J. D. McCarty pursuant to a contract. Findings of Fact The petitioner is a corporation. Its returns for the year here in question were filed with the collector of internal revenue at Buffalo, New York. The regular business of the petitioner has been the manufacture and sale of various amusement *44 devices. That business was on a decline in the summer of 1940 and the petitioner needed new business. J. D. McCarty came to the petitioner and represented that he could get some business to keep the machine shops of the petitioner running. He was recommended to the petitioner by an attorney known to the petitioner. The petitioner entered into a sales employment contract with McCarty on June 12, 1940 under which he was to receive a commission of 10 per cent on the gross value of any bona fide order or contract secured by McCarty. The contract was for a period of two years. Ten per cent was the customary rate paid by the petitioner to representatives selling its amusement devices. McCarty obtained a number of orders for the petitioner during the period from June 12, 1940 to June 12, 1942. The petitioner paid McCarty $24,288.25 during the taxable year, representing amounts due him on contracts obtained by him. All of those contracts were awarded to the petitioner after it had submitted competitive bids. The petitioner claimed the deduction of that amount as an ordinary and necessary expense on its returns for the taxable year. The Commissioner, in determining the deficiencies, disallowed *45 the deduction with the meager explanation that it was not an allowable deduction. The amount of $24,288.25 paid to McCarty by the petitioner during the taxable year was an ordinary and necessary expense in carrying on its business. It represented compensation for personal services actually rendered by McCarty. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: $15,839.64 of the total commissions paid to McCarty during the taxable year was paid on contracts with the United States Navy. The only contention of the respondent against the allowance of a deduction for these commissions is that the contract with McCarty was made for the purpose of enlisting the personal influence of McCarty in obtaining contracts with the government and was, therefore, void as against public policy. The evidence shows, however, that McCarty never represented to the petitioner that he had any personal influence which he might exert to obtain contracts with the government and the record does not indicate that he did exert any personal or improper influence of any kind in obtaining any contracts. The fact that all of the contracts were awarded to the petitioner *46 after successful competitive bids would indicate that the contracts were not obtained through any improper pressure brought to bear by McCarty. The petitioner communicated with the Navy in regard to commissions which it was obligated to pay McCarty on contracts secured by him and was advised that the provisions in the Navy contracts against the payment of commissions under certain circumstances did not apply to the factual situation existing between McCarty and the petitioner on the contracts in question. The respondent would infer that McCarty procured the Navy contracts improperly because the petitioner later discovered that he was not a man of good moral character and did not renew its contract with him. The evidence does not justify any such inference. The respondent's only argument as to the other contracts obtained by McCarty, upon which commissions were paid during the taxable year, is that deductions for commissions should not be allowed since those contracts were let under competitive bidding and there was no necessity to spend any money for commissions in obtaining the orders. The respondent cites no authority for any such principle. The evidence shows that McCarty obtained *47 information for the petitioner which enabled it to submit bids and without his services the petitioner would not have had an opportunity to submit the successful bids. We hold that the deduction claimed on the return was allowable under section 23(a), I.R.C.
Decision will be entered under Rule 50.